IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald S. Andrews, *et al.*,  :

    Plaintiffs  :  Case No. 2:05-cv-501

v.  :

Columbia Gas Transmission  :  Magistrate Judge Abel
Corporation,

    :

    Defendant

## ORDER

    Plaintiffs Donald S. Andrews and Jill Beeler Andrews filed this action pro se in the Licking Court of Common Pleas to prevent defendant Columbia Gas Transmission Corporation ("Columbia Gas") from removing trees on the Andrews' property in order to maintain the pipeline easement held by defendant. Defendant removed this action to federal court and filed a counterclaim seeking a declaratory judgment that Columbia Gas has the right to remove the trees without compensation to the Andrews, injunctive relief, and damages for breach of contract.

    On March 19, 2007, judgment was entered for the defendants. This matter is before the Court on plaintiffs' March 30, 2007 motion to stay (doc. 119) and their April 2, 2007 motion to alter or amend the judgment (doc. 120).

    A motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Plaintiffs maintain that the cases relied on by the Court concern

extinguishing an easement, which plaintiffs never sought to do. Instead, plaintiffs argue that defendant is barred from removing trees and seeking a 50 feet right-of-way on the basis of waiver, laches, breach of contract, adverse possession, and estoppel. Plaintiff contend that they never had the opportunity to rebut defendant's position that "estoppel may preclude the enforcement of an easement created by prescription, not of a granted and recorded easement." Instead, defendant had previously argued that a change in federal regulations prompted the need for clearing trees from the easement.

The Court applied the correct legal standard when it entered judgement for the defendant. In fact, the Court applied the same standard used by the court in *Ashland Pipe Line Co. v. Lett*, No. CA-942, 1990 WL 52505 (Ashland App. Apr. 11, 1990), the only case referenced by defendants that relied on "estoppel" to hold that the owner of an easement was entitled to less than a 50' pipeline right-of-way.[1]

When an easement is created by an express grant, the extent and limitations of the easement depend upon the language of the grant. *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 232 (1968); *Columbia Gas Transm. Corp. v. Bennett*, 71 Ohio App.3d 307, 318 (1990); *Lett*, above, at *3. "Where the dimensions of the easement are not expressed in the instrument granting the easement, the court determines the width, length, and depth from the language of the grant, the circumstances surrounding the transaction,

---

[1] Another unreported Ohio Court of Appeals decision relies on *Letts. Lakewood Homes, Inc. v. BP Oil, Inc.,* 199 WL 693152 (Third Dist. Ct. App. August 26, 1999). BP apparently widened a 1907 easement to 50 feet. The Court of Appeals held that the property owner was entitled to be compensated for the trees taken when BP widened the easement.

and that which is reasonably necessary and convenient to serve the purpose for which the easement was granted." *Bayes v. Toledo Edison Co.,* 2004 WL 2426234, *8 (Ohio App. 6 Dist., Oct. 29, 2004). When the specific terms of an easement are not expressed in the grant itself, determining the dimensions or reasonableness of use becomes a question of fact. *Crane Hallow Inc. v. Marathon Ashland Pipe Line*, 138 Ohio App.3d 57, 67 (2000).

> When the extent of the rights conveyed in an easement, such as the dimensions of the easement, are not apparent from the language of the grant, the dimensions may be established by use and acquiescence. *Munchmeyer v. Burfield* (Mar. 26, 1996), Washington App. No. 95CA7, unreported, 1996 WL 142579, citing Bruce & Ely, Law of Easements and Licenses in Land (1988), Sections 7.02(2)(b) and 7.06. Once so established, the easement holder is estopped from asserting that different dimensions are reasonably necessary or convenient. *Id.* However, if the language of the grant clearly gives the easement holder a right in excess of the one actually used, such right still exists notwithstanding the easement holder's exercise of a lesser privilege. *E. Ohio Gas Co. v. James Bros. Coal Co.* (1948), 53 Ohio Law Abs. 438, 40 O.O. 440, 441-442, 85 N.E.2d 816, 818; *Panhandle E. Pipe Line Co. v. Tishner* (Ind.App.1998), 699 N.E.2d 731, 737, fn. 1; *Texas E. Transm. Corp. v. Grassi* (July 12, 1992), E.D.Pa. Nos. 89-4617 and 89-5515, unreported, 1992 WL 172594; *Knox* at 600.

*Crane Hollow, Inc.*, at 67-68. The case law indicates that the courts should consider the language of the contract with the evidence, which includes the situation and condition of the easement and the property involved. Courts also examine the use of the easement, obstructions, if any, at the time of the grant, and all other facts bearing upon the situation and relation of the parties. *See Roebuck v. Columbia Gas Transmission Corp.*, 386 N.E. 2d 1363, 1368 (Ohio App. 2 Dist. 1977).

3

Plaintiffs' argue that the Court misapplied the law with respect to estoppel. *Lett* and the other cases cited by plaintiffs use "estoppel" as a method to determine what the language of the easement meant to the contracting parties when they executed it. That is, the conduct of the parties to the contract subsequent to executing the easement is a guide to its meaning:

> As stated by the trial court in its opinion:
> The intention of the parties at the time of conveyance is the primary consideration in determining the status of an easement. *Yoder v. Columbus and Southern Electric Co.* (1974), 39 Ohio App.3d 113. (Opinion at 3).
> In its cogent opinion, the court also noted that subsequent use by the grantee (Ashland) shows "that the parties did not intend fifty (50) feet to be the required width of the easement." And as further stated by the court:
>> Acquiescence for a long time in a certain construction of a grant of an easement estops the assertion of a different construction.
>
> (Opinion at 5, citations omitted).

*Lett*, above, at *1 and *2.

Here, the property at issue was a farm field in 1947. There were no trees present, with the exception of one or two cherry trees. The trees were not planted at the time the parties entered the contract or by the original parties to the contract. According to the language of the easement, Ohio Gas could enter and do what it needed to do so long as it compensated Davies for damage to crops. The trees were not planted until long after the easement was executed and two pipelines had been laid. Therefore the conduct of defendant following the planting of the trees is not evidence of the original intent of the parties.

None of the cases cited by plaintiffs stands for the proposition that an express, recorded easement holder's failure to remove trees from a pipeline right-of-way destroys the easement. The pipeline remains under the property. The easement expressly grants Columbia "the right to lay a pipe line over and through the premises hereinafter described, and to maintain, operate, repair, replace and remove same . . . ." The Andrews do not argue that should there be a leak or rupture in the pipeline Columbia does not have the right to enter their property, and remove trees or other obstructions that prevent them from entering on the property and repairing the pipeline. Similarly, they have made no argument that Columbia Gas cannot enter their property to replace or remove the pipeline.

Indeed, the principal thrust of the Andrews' argument is that the Court erred in holding that the language of the easement, the situation and condition of the property, any obstructions at the time the easement was granted in 1947, the parties use of the easement following its execution, and all other facts bearing on the situation and relation of the parties established that a 50' easement is necessary and convenient to serve the purpose for which the easement was granted. Their motion really argues that I gave insufficient weight to the evidence that Columbia had not mowed or cleared trees from the right-of-way for over 30 years, not that I applied an incorrect legal standard.

There are a long line of cases construing easements and concluding that a 25-foot area on either side of a gas transmission pipeline to be reasonably necessary and con-

5

venient to serve the purpose for which the easement was granted. *See Columbia Gas Transmission Corp. v. Davis*, 33 F. Supp. 2d 640 (S.D. Oh. 1998); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538 (3d Cir. 1995); *Swango Homes, Inc. v. Columbia Gas Transmission Corp.*, 806 F. Supp. 180 (S.D. Oh. 1992), *Columbia Gas Transmission Corp. v. Burke*, 1167 768 F. Supp. 1167 (N.D.W.Va. 1990). There is also case law support for the proposition that "necessary and convenient" is construed in light of today's technology, which includes the use large equipment necessary for compliance with OSHA regulations and aerial surveillance. *See Crane Hollow, Inc.*, at 68-69.

Finally, regardless of the width of a right-of-way, trees cannot "obstruct, unreasonably burden and interfere with the exercise of [an] easement rights . . . ." *Rueckel v. Texas Eastern Transmission Corp.*, 3 Ohio App.3d 153, 158 (5th Dist. Ct. App. 1981). When trees so obstruct a right-of-way, the owner is not entitled to any compensation when the easement holder removes the trees. *Id.* Here it is incontrovertible that the at least some of the trees within 25 feet of the midline of the pipeline obstruct, unreasonably burden and interfere with the exercise of Columbia's easement rights. The stand of pines and the pipeline intersect at an angle. The most favorable Ohio case the Andrews rely on restricted the pipeline right-of-way to 25 feet (12½ feet from the midline on each side of the pipeline). Consequently, even accepting that *Lett* should control the decision in this case–which I do not believe that it does–the

6

trees immediately over the pipeline and those within 12½ feet of the midline are subject to removal; and plaintiffs have cited no case law to the contrary.

For the reasons set out above, plaintiffs' April 2, 2007 motion to alter or amend the judgment (doc. 120) is DENIED, and their March 20, 2007 motion to stay (doc. 119) is MOOT.

s/ Mark R. Abel
United States Magistrate Judge
